# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRE BURKETT,

                Plaintiff,

v.

STATE OF WISCONSIN and
MILWAUKEE POLICE
DEPARTMENT,

                Defendants.

Case No. 18-CV-907-JPS

**ORDER**

      Plaintiff filed a *pro se* complaint for an alleged violation of his civil rights. (Docket #1). This matter comes before the court on Plaintiff's motion for leave to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without prepaying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, Plaintiff avers that he is unemployed and collects $800 in government assistance payments. (Docket #2 at 2). Plaintiff's expenses total $700. *Id.* at 2–3. He has no other property of value. *Id.* at 3. Plaintiff's sworn statements reveal that he would be unable "to provide himself . . . with the necessities of life" if required to prepay the $400 filing fee in this matter. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

      However, notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," which fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he/she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him/her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that the Milwaukee Police Department falsely arrested him on February 4, 1998, without evidence or even a belief that he had violated any laws. (Docket #1 at 2). He apparently gave a statement during the subsequent interrogation. *Id.* The statement was, in turn, used in several prosecutions against him in Wisconsin state courts in 1998 and 1999. *Id.* at 2–3. Plaintiff was convicted in those cases and was imprisoned for many years. *Id.* at 3. He was then released on supervision, the term of which ended in October 2017. *Id.* Plaintiff requests that the Court order

Defendants to pay him for each day he spent in prison and on supervision. *Id.* at 4. He further asks that the Court "clear his name" as to the convictions. *Id.*

This is the latest in a long line of actions brought by Plaintiff seeking to collaterally attack his now twenty-year-old convictions. His most recent prior filing was in 2015. Former District Judge Charles N. Clevert described Plaintiff's litigation history and explained why dismissal of that action was appropriate:

> Andre Burkett filed this case using a form civil complaint on which he contends that the State violated his due process rights. Although the allegations are unclear, Burkett appears to assert that a district attorney committed perjury and used a falsified police report related to state-court cases 98CF2857, 98CF2858, 99CF2211, and 99CF1892. As relief, Burkett asks this court to dismiss the charges in those cases because the district attorney made a perjurious statement to the state court.
>
> . . .
>
> This is at least the fourth case Burkett has brought concerning these convictions. On July 14, 2006, Judge Adelman denied and dismissed Burkett's 28 U.S.C. § 2254 habeas case regarding the convictions in cases 98CF2857, 99CF1892, and 99CF2211, based on untimeliness. *Burkett v. Champagne*, No. 05-C-1139, slip op. (E.D. Wis. July 14, 2006). On February 27, 2010, this court dismissed a civil case Burkett filed against the Milwaukee County Circuit Court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court, concerning cases 99CF1892 and 99CF2211. Burkett had asserted that in those cases he was innocent of the crimes, he was maliciously prosecuted, and a fundamental miscarriage of justice had occurred; this court dismissed the claims against the courts or its judges based on judicial immunity. In addition, this court indicated that to the extent the complaint was intended to be a petition for writ of habeas corpus, Burkett would have to file a proper habeas pleading and could be barred from filing a second or successive petition.

*Burkett v. Wis. Sup. Ct.*, No. 10-C-140, slip op. (E.D. Wis. Feb. 27, 2010). Thereafter, on September 29, 2014, Magistrate Judge William E. Duffin dismissed another habeas petition regarding state cases 98CF2587, 99CF2211, and 99CF1892, as a second or successive petition barred under 28 U.S.C. § 2244(b). *Burkett v. State of Wisconsin*, No. 14-C-1160, slip op. (E.D. Wis. Sept. 29, 2014).

Here, Burkett again seeks dismissal of these state-court charges against him under the guise of a civil rights case. But his request is one for habeas relief, not § 1983 relief. Burkett's prior habeas attacks on these fifteen-year-old convictions have failed. The issues he raises have already been decided against him. And he cannot execute an end-run around the merits decision in Judge Adelman's case or the second-and-successive bar by rewriting his attack as a civil rights claim. *See Dalton v. United States*, No. C 09-05452 SI, 2010 WL 1644701, *2 (N.D. Cal. Apr. 21, 2010) ("Perhaps in an attempt to circumvent this Court's many prior dismissals of his successive habeas petitions, Mr. Dalton has styled the present action not as a habeas petition but as a civil rights action arising under 28 U.S.C. § 1983 . . . . Mr. Dalton is attempting once again to attack the validity of his conviction and sentence by challenging the DEA agent's conduct leading up to his arrest. Such a challenge must be brought in a habeas petition under 28 U.S.C. § 2255. The Court has advised Mr. Dalton on multiple occasions that he may not file any additional habeas petitions with this Court unless the Ninth Circuit expressly gives him permission to do so.").

To the extent that Burkett could be seeking other remedies in this civil rights action, such as damages, if he remains subject to a form of custody (his address suggests that he is out of prison, but he may be under supervision on release) the claim raised in this action is barred by *Heck v. Humphrey*, under which there is "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. 477, 489 (1994). In other words, unless and until the cited criminal convictions are overturned, Burkett has no § 1983 claim. If Burkett is no longer under any

> form of supervision, he cannot proceed because the matter has been decided against him or because he failed to pursue collateral relief in a timely manner, *see Burd v. Sessler*, 702 F.3d 429, 435-36 (7th Cir. 2012).

*Andre Burkett v. State of Wisconsin District Attorney's Office*, Case No. 15-CV-971-CNC, slip op. (E.D. Wis. Oct. 8, 2015).

Plaintiff's instant claim must be dismissed for the same reasons as explained by Judge Clevert. Though it is not entirely clear whether Plaintiff seeks to vacate his convictions, to the extent this is the relief he wants, he has already exhausted his avenues for habeas relief in this Court. As to his claim for damages, "a § 1983 suit for damages that would necessarily imply the invalidity of the fact of an inmate's conviction . . . is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." *Nelson v. Campbell*, 541 U.S. 637, 646 (2004) (quotation omitted). Plaintiff's assertion that he was falsely arrested at least implies, if not directly challenges, the validity of his convictions. While his convictions stand, he cannot sue for damages relating to this alleged constitutional violation. *Burd v. Sessler*, 702 F.3d 429, 435–36 (7th Cir. 2012). This action must, therefore, be dismissed, and Plaintiff's motion for leave to proceed *in forma pauperis* must be denied. It will be dismissed because Plaintiff fails to state a viable claim for relief and because it is frivolous. Judge Clevert's October 2015 order clearly described why this action should not have been filed, but Plaintiff did so anyway.[1]

---

[1] This disposition does not reach the many other infirmities with Plaintiff's action, including his attempt to sue a non-suable entity (the Milwaukee Police Department) and a defendant which is immune from suit (the State of Wisconsin), as well as a long-expired statute of limitations.

This is not the end of the matter, however. In his October 2015 order, Judge Clevert warned Plaintiff that continued frivolous litigation concerning his state court convictions may result in sanctions. Plaintiff failed to heed Judge Clevert's warning. This Court will now make good on its colleague's threat. Plaintiff is fined in the amount of $500. Until he pays that sanction, the Clerk of the Court in this District shall return, unfiled, any papers submitted by Plaintiff except for those in defense of a federal criminal case or applying for a writ of habeas corpus. *Bradley v. Wis. Dep't of Children & Families*, 715 F. App'x 549, 550 (7th Cir. 2018), citing *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Plaintiff may move the Court, no earlier than two years from the date of this Order, to rescind or modify this filing ban.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to *proceed in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and as frivolous; and

**IT IS FURTHER ORDERED** that Plaintiff is fined in the amount of $500. Until he pays that fine in full, the Clerk of the Court of this District is directed to return unfiled any papers submitted by Plaintiff except for those in defense of a federal criminal case or applying for a writ of habeas corpus.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge